UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD L. HOWELL III<br>10317 Adelaide Ave #1<br>Cleveland Ohio 44111 | ) <br> ) <br> ) <br> ) | CASE NO.<br><br>JUDGE |
| *On behalf of himself and all others*<br>*similarly situated,* | ) <br> ) <br> ) | **PLAINTIFF'S CLASS AND**<br>**COLLECTIVE ACTION**<br>**COMPLAINT** |
| Plaintiff, | ) <br> ) | (Jury Demand Endorse Herein) |
| *v.* | ) <br> ) | |
| FIELD MANAGEMENT GROUP LLC<br>c/o Statutory Agent<br>United States Corporation Agents, Inc.<br>411 Wolf Ledges Parkway, Suite 201<br>Akron, OH 44311 | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| *and* | ) <br> ) | |
| A M COMMUNICATIONS, LTD.<br>c/o Statutory Agent Alan Miller<br>45 Hilltop Road<br>Mansfield, OH 44903 | ) <br> ) <br> ) <br> ) <br> ) | |
| *and* | ) <br> ) | |
| AM COMMUNICATIONS, INC.<br>c/o Statutory Agent Alan Miller<br>342 S. Crestline-Bloomingrove<br>Galion, OH 44833 | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

Plaintiff Richard L. Howell III, by and through counsel, for his Class and Collective

Action Complaint against Defendants Field Management Group LLC, A M Communications,

Ltd., and AM Communications, Inc. (A M Communications, Ltd. and AM Communications, Inc.

collectively referred to as "AM Communications") (hereinafter all collectively referred to as

"Defendants"), states and alleges the following:

## INTRODUCTION

1.      Plaintiff brings this case to challenge the policies and practices of Defendants Field Management Group LLC, A M Communications, Ltd., and AM Communications, Inc. that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Constitution and statutes of the State of Ohio. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective"). Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually-related claims under Ohio's wage-and-hour overtime statutes, O.R.C. Chapter 4111 (the "Ohio Class").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      This Court has supplemental jurisdiction over Plaintiff's claims under the Constitution and statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5.      Plaintiff Richard L. Howell III is a citizen of the United States and a resident of Cuyahoga County, Ohio.

6.      Defendant Field Management Group LLC is an Ohio for-profit limited liability company with its business address at 3660 Center Road #174, Brunswick, Ohio 44212.[1] According to records maintained by the Ohio Secretary of State, Defendant Field Management Group LLC's statutory agent for service of process is United States Corporation Agents, Inc., 411 Wolf Ledges Parkway, Suite 201, Akron, OH 44311.[2]

7.      Defendant A M Communications, Ltd. is an Ohio for-profit limited liability company with its principal place of business at 5707 State Route 309, Galion, OH 44833. [3] According to records maintained by the Ohio Secretary of State, Defendant A M Communications, Ltd.'s statutory agent for service of process is Alan Miller, 45 Hilltop Road, Mansfield, OH 44903.[4]

8.      Defendant AM Communications, Inc. is an Ohio for-profit corporation with its principal place of business at 5707 State Route 309, Galion, OH 44833. [5] According to records maintained by the Ohio Secretary of State, Defendant AM Communications, Inc.'s statutory agent for service of process is Alan Miller, 342 S. Crestline-Bloomingrove, Galion, OH 44833. [6]

## FACTUAL ALLEGATIONS

### Defendants' Business

9.      Defendants are engaged in the business of installing cable lines and equipment for video, telephone and internet.

10.     Defendants utilize Installers, including Plaintiff and other members of the FLSA Collective and Ohio Class, to make these installations.

---

[1] https://fmgcable.com/#68fc98e5-1358-4ef6-9aaa-fbb0b586d7a7 (last accessed Jan. 10, 2021).
[2] https://businesssearch.ohiosos.gov?=businessDetails/4322617 (last accessed Jan. 10, 2021).
[3] https://amcable.com/contact-us/ (last accessed Jan. 10, 2021).
[4] https://businesssearch.ohiosos.gov?=businessDetails/1319847 (last accessed Jan. 10, 2021).
[5] https://amcable.com/contact-us/ (last accessed Jan. 10, 2021).
[6] https://businesssearch.ohiosos.gov?=businessDetails/2014239 (last accessed Jan. 10, 2021).

## Defendants' Statuses as Employers

11.     At all times relevant, Defendants were employers within the meaning of the

FLSA, 29 U.S.C. § 203(d), Ohio Const. Art. II, Sec. 34a and O.R.C. Chapter 4111, and

employed non-exempt hourly employees, including Plaintiff and other members of the FLSA

Collective and Ohio Class.

12.     At all times relevant, Defendants were an enterprise within the meaning of 29

U.S.C. § 203(r).

13.     At all times relevant, Defendants were an enterprise engaged in commerce or in

the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14.     Defendants operate and control an enterprise engaged in commerce, with annual

gross volume of business exceeding $500,000.00.

15.     Defendants were each employers of Plaintiff and other members of the FLSA

Collective and Ohio Class as each Defendant exercised the power to hire or fire Installers;

supervised and controlled the Installers' work schedules or conditions of employment;

determined Installers' rates and methods of payment; and maintained or were required to

maintain records, including employment records, including wage payment and timekeeping

records.

## Plaintiff's, the FLSA Collective's, and Ohio Class's
## Non-Exempt Employment Statuses with Defendants

16.     Plaintiff Richard L. Howell III was jointly employed by Defendants Field

Management Group LLC and AM Communications from approximately July 2020 to November

2020 as an Installer. Plaintiff currently works for AM Communications through a different

intermediary subcontractor.

17.     At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e), Ohio Const. Art. II, Sec. 34a and O.R.C. §§ 4111.01, *et seq.*

18.     At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

## Defendants' Misclassification of Plaintiff and Other Members of the FLSA Collective and Ohio Class as "Independent Contractors"

19.     Plaintiff Richard L. Howell III and other members of the FLSA Collective and Ohio Class work for Defendants as Installers. Defendants utilize a fissured employment scheme to employ Plaintiff and other members of the FLSA Collective and Ohio Class and misclassify them as so-called "independent contractors" to avoid their obligations under the FLSA and Ohio law. Through this misclassification, Defendants knowingly, willfully, and deliberately failed to compensate Plaintiff and other members of the FLSA Collective and Ohio Class overtime compensation at at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

20.     Through their employments with Defendants, Plaintiff and other members of the FLSA Collective and Ohio Class worked for Defendants installing cable lines and equipment for video, telephone and internet for Defendants' customers.

21.     As a matter of economic reality, Plaintiff and other members of the FLSA Collective and Ohio Class were economically dependent on Defendants.

22.     Plaintiff and other members of the FLSA Collective and Ohio Class performed work that was integral to Defendants' primary business. Defendants are in the business of

providing cable installation services to Defendants' customers. Defendants' "primary purpose" is in fact to provide cable installation services to customers.

23.     Installers do not exert control over any meaningful part of Defendants' business operations and do not stand as a separate economic entity from Defendants. Defendants exercise control over all aspects of the employment relationship with Installers.

24.     Defendants have a high degree of control over the manner in which Installers perform their job duties.

25.     Defendants controlled the work Plaintiff and other members of the FLSA Collective and Ohio Class performed and the manner in which Installers performed it.

26.     Defendants determined Plaintiff's and other members of the FLSA Collective's and Ohio Class's job locations, and determined the order and sequence in which they performed the work for Defendants. Defendants controlled the work their Installers performed, the hours and schedule during which they perform that work and the manner in which they perform their installation duties. Defendants meticulously tracked the job routes, time, and precise locations of Installers during shifts. Defendants assigned routes to each Installer, and required Installers to complete the routes in a specific time window. Defendants instruct Installers how, when and where they are to perform their duties. Defendants have knowledge of hours worked and duties performed by Plaintiff and other Installers.

27.     Installers' opportunities for profit or loss are established unilaterally by Defendants; any opportunities Installers have to earn remuneration are unilaterally determined and controlled by Defendants. Defendants determined the amounts Installers were paid. Plaintiff and other members of the FLSA Collective and Ohio Class could not make a profit and/or suffer

any loss for their services – they performed cable and related equipment installation and manual labor services for Defendants.

28.     Installers do not have an opportunity for greater profits based on their management and/or technical skills.

29.     Defendants required Plaintiff and other members of the FLSA Collective and Ohio Class to perform services for customers under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendants. Installers were not permitted to negotiate prices with Defendants or Defendants' customers. Installers were not permitted to charge different prices based on other factors, such as their work experience, demand, or availability outside Defendants.

30.     Likewise, Defendants unilaterally determined the amounts their Installers were paid and unilaterally change that amount from time to time.

31.     Installers worked for Defendants in a comparatively low-paying job requiring comparatively low skills, and held their positions with Defendants for a longer period of time than for a single or separate series of jobs/projects. Installers were not required to possess any special skill, other than holding a valid driver's license and being physically able to perform the manual cable and related equipment installation and labor.

32.     Installers work for Defendants and are not in business for themselves.

33.     Defendants' capital investments and expenditures substantially outweighed any expenditures required on the part of Plaintiff and other members of the FLSA Collective and Ohio Class.

34.     Defendants own and control equipment, software and supplies that Installers were required to use to perform their work. Defendants utilized these devices to track Installers' work activities.

35.     Defendants conduct initial interviews and vetting procedures for Installers and hire Installers at the sole discretion of Defendants.

36.     Defendants required Installers to adhere to a company dress code and utilize equipment, including vehicle magnets. For example, Plaintiff utilized a work van magnet that identified him with Defendants' client Armstrong Communications.

37.     Defendants have a far more significant role than Installers in drawing customers to Defendants' services, if any.

38.     Given their employment constrictions, Installers generally could not and did not make their services available to the general public. Installers could not work for other companies or operate an independent business(es). Among other things, as a result of the requirements imposed by Defendants, Installers were limited in their ability to work for other companies or operate independent businesses or it was impracticable to do so. Because of Defendants' policies and the nature of Installers' employment and work duties, Installers were unable to have other means of full-time employment. Installers' work for Defendants regularly consumed the normal workweek of full-time employees.

39.     Defendants' Installers typically work full time for Defendants, and frequently work more than forty (40) hours per workweek.

40.     Installers are under the direct supervision and control of Defendants' supervisors and managers.  As described above, Defendants' supervisors and managers closely monitor Installers. Defendants' dispatchers, supervisors and managers supervise the work duties of

Plaintiff and other members of the FLSA Collective and Ohio Class to make sure their job performance is of sufficient quality as determined by Defendants.

41.     Defendants' supervisors and managers assist Installers in the performance of their duties.

42.     Defendants interviewed, supervised, dispatched, directed, disciplined, reprimanded, scheduled and performed other duties of an employer. Defendants hired/fired Installers at will, and Installers' employments were not temporary nor had a fixed end-date. Defendants performed functions associated with that of an employer with regard to an employee.

43.     Upon information and belief, Defendant AM Communications also hires workers as W-2 employees who perform installation services that are the same or similar to the Installer independent contractors consisting of Plaintiff and other members of the FLSA Collective and Ohio Class. Upon information and belief, while these direct-hire employees are paid overtime compensation, independent contractor Installers who compose of members of the FLSA Collective and Ohio Class are denied these wages as required by the FLSA, 29 U.S.C. §§ 201-219. [7]

**<u>Defendants' Failure to Pay Overtime Compensation</u>**

44.     Plaintiff and members of the FLSA Collective and Ohio Class frequently worked more than forty (40) hours in a single workweek.

45.     The FLSA required Defendants to pay Installers overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207.

_____

[7] *See, e.g.,* https://www.indeed.com/q-Am-Communications-jobs.html?advn=5676430874670800&vjk=dd8d73f617f9c461 (last accessed Jan. 19, 2021).

46.     However, Defendants, having unlawfully misclassified Plaintiff and other members of the FLSA Collective and Ohio Class as "independent contractors," failed to pay them overtime compensation.

47.     During their employments with Defendants, Plaintiff and other members of the FLSA Collective and Ohio Class were required to work overtime, more than forty (40) hours per workweek. For example, during the workweek including October 19 to 24, 2020, Plaintiff Richard L. Howell III worked approximately 56 hours, including 16 overtime hours.

48.     The FLSA and Ohio law required Defendants to pay overtime compensation to their employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty (40). 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

49.     Defendants failed to pay Plaintiff and other members of the FLSA Collective and Ohio Class overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty (40) hours in a workweek. Defendants, having unlawfully misclassified Plaintiff and other members of the FLSA Collective and Ohio Class as "independent contractors," failed to pay Installers overtime compensation in violation of the FLSA and Ohio Wage Law.

50.     Although Defendants suffered and permitted Plaintiff and other members of the FLSA Collective and Ohio Class to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiff and other members of the FLSA Collective and Ohio Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and other members of the FLSA Collective and Ohio Class were not paid overtime for their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, et seq., and Ohio law.

10

51.     By way of example, while Plaintiff worked approximately 56 hours, including 16 overtime hours, during the workweek including October 19 to 24, 2020, Defendants paid Plaintiff a flat rate of $1,000 for his work. Defendants did not pay Plaintiff at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in the workweek as required by the FLSA, 29 U.S.C. §§ 201, et seq., and Ohio law.

### Defendants' Failure to Pay Minimum Wages to Plaintiff

52.     In addition, the FLSA required Defendants to pay Plaintiff at least the minimum wage. 29 U.S.C. § 206. The FLSA incorporates state minimum wage laws when they include a higher minimum wage than the FLSA. *Id.* Ohio's minimum wage is adjusted annually as specified by Ohio Const. Article II, Section 34a, and was $8.70 per hour in 2020.[8]

53.     Defendants failed to pay Plaintiff at least the lawful minimum wage rate for all hours worked each workweek. Defendants did not pay Plaintiff for hours worked that should have been paid in two of Plaintiff's paychecks but were not paid by Defendants. Defendants' failure to pay Plaintiff for two weeks of pay constitutes a violation of the FLSA and Ohio minimum wage law, 29 U.S.C. § 206; Ohio Const. Article II, Section 34a; O.R.C. Chapter 4111.

### Defendants' Record Keeping Violations

54.     Despite being able to track Installers' time worked, Defendants failed to make, keep and preserve complete and accurate records of Plaintiff and other members of the FLSA Collective and Ohio Class sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by the FLSA and Ohio law.

55.     The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2,

---

[8] https://com.ohio.gov/documents/dico_2020MinimumWageposter.pdf (last accessed Jan. 19, 2021).

516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

56.     Defendants failed to keep accurate records of hours worked. Thus, Defendants did not record or pay all hours worked in violation of the FLSA and Ohio law.

### The Willfulness of Defendants' Violations

57.     Defendants knew that Plaintiff was entitled to minimum wage and Plaintiff and other members of the FLSA Collective and Ohio Class were entitled to overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

58.     The above practices and policies resulted in minimum wage an overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. Chapter 4111; and Ohio Const. Art. II, § 34a.

## COLLECTIVE ACTION ALLEGATIONS

59.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

60.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

61.     The FLSA Collective consists of:

All current and former Installers and other workers with similar job titles or positions who were paid as "independent contractors" and worked for any one or all of the Defendants during the period of three years preceding the commencement of this action to the present.

62.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) hours per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

63.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

64.     Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 100 persons. Such persons are readily identifiable through the payroll and personnel records Defendants have maintained, and were required to maintain, pursuant to the FLSA and regulations thereunder that have the force of law.

## CLASS ACTION ALLEGATIONS

65.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

66.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All current and former Installers and other workers with similar job titles or positions who were paid as "independent contractors" and worked for any one or all of the Defendants in Ohio during the period of two years preceding the commencement of this action to the present.

67.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 100 persons.  The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a.

68.     There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants' conduct as described above violates Ohio law governing payment of overtime compensation; and

> Whether Defendants denied employees overtime compensation under Ohio law where, among other things, Installers were not paid at least one and one-half times their "regular rate" for all hours worked in excess of forty hours in each workweek.

69.     Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

14

70.     Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's Counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

71.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

72.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

73.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

74.     Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and members of the FLSA Collective who may join this case pursuant to 29 U.S.C. § 216(b).

75.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay.  29 U.S.C. § 207(a)(1).

76.     Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

77.     Defendants did not pay overtime compensation to Plaintiff and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

78.     By engaging in the above-described practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

79.     As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

### COUNT TWO
**(Ohio Overtime Violations)**

80.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

81.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03 on behalf of himself and other members of the FLSA Collective and Ohio Class.

82.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

83.     Defendants' failure to compensate overtime hours violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

84.     These violations of Ohio law injured Plaintiff and other members of the FLSA Collective and Ohio Class in that they did not receive wages due to them pursuant to that statute.

85.     Having injured Plaintiff and other members of the FLSA Collective and Ohio Class, Defendants are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] and for costs and reasonable attorney's fees as may be allowed by the court " under Ohio law. O.R.C. § 4111.10.

### COUNT THREE
**(FLSA Minimum Wage Violations)**

86.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

87.     Plaintiff brings this claim for violation of the FLSA's minimum wage provisions pursuant to 29 U.S.C. § 216(b).

88.     The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. 29 U.S.C. § 206.

89.     Defendants failed to comply with the requirements of 29 U.S.C. § 206 by paying Plaintiff less than the applicable Ohio minimum wage for one or more workweeks. Moreover, as more fully described above, Defendants, in violation of the law, misclassified Plaintiff as a so-called "independent contractor," when in fact he was an employee of Defendants according to the standards applicable under the FLSA and entitled to minimum wage.

90.     Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including by refusing and/or failing to calculate and pay Plaintiff's minimum wages as required by federal law. 29 U.S.C. § 206.

91.     Defendants' unlawful conduct directly and proximately caused Plaintiff to suffer damages for which he is entitled to judgment.

92.     Defendants' violations have been willful and/or in reckless disregard of Plaintiff's rights, and entitle Plaintiff to liquidated and/or punitive damages. 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT FOUR
### (Ohio Minimum Wage Violations)

93.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

94.     Plaintiff brings this claim for violation of the Ohio's constitutional and statutory minimum wage provisions.

95.     Ohio Wage Law requires that employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. Art. II, Sec. 34a of the Ohio Constitution; O.R.C. Chapter 4111.

96.     Based on the improper practices described herein, Defendants failed to comply with the requirements of Ohio law by paying Plaintiff less than the applicable minimum wage rate during one or more workweeks

97.     Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of Art. II, Sec. 34a of the Ohio Constitution & O.R.C. Chapter 4111,

18

including by refusing and/or failing to calculate and pay Plaintiff's minimum wages as required by Ohio law.

98.     Defendants' unlawful conduct directly and proximately caused Plaintiff to suffer damages for which he is entitled to judgment.

99.     Plaintiff is entitled to "equitable and monetary relief" including "two times the amount of the back wages", or triple damages for Defendants' minimum wage violations pursuant to Ohio Const. Art. II, Sec. 34a & O.R.C. Chapter 4111.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A.    Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.    Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.    Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D.    Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount;

E.    Award compensatory damages to Plaintiff in the amount of his unpaid minimum wages, in addition to liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiff under Ohio Constitution Art. II, § 34a; and

F.    Award Plaintiff compensatory and punitive damages, his costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

*Respectfully submitted,*

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*and*

20

*s/ Mark W. Biggerman*
Mark W. Biggerman (0064092)
29325 Chagrin Blvd., Suite 305
Pepper Pike, Ohio 44122
(216) 831-4935
(216) 831-9526 {fax}
mark@mblegal.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)