UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD L. HOWELL III, *et al.*, | ) CONSOLIDATED CASE NOS. |
| | ) 1:21-CV-00190 & 1:21-CV-00637 |
| *On behalf of themselves and all others similarly situated,* | ) |
| | ) JUDGE CHRISTOPHER A. BOYKO |
| Plaintiffs, | ) |
| | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| v. | ) |
| | ) **FINAL ORDER AND JUDGMENT** |
| | ) **APPROVING SETTLEMENT** |
| FIELD MANAGEMENT GROUP LLC, *et al.* | ) **PURSUANT TO THE FAIR LABOR** |
| | ) **STANDARDS ACT, 29 U.S.C. § 216(b),** |
| | ) **AND DISMISSING ACTION** |
| Defendants. | ) |

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement ("Joint Motion") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed *Agreement of Settlement and Release* ("Settlement Agreement") attached to the Joint Motion as Exhibit 1, as well as the Notice to Potential Opt-In Plaintiffs and Opt-In Consent Form attached as Exhibits 3 and 4, respectively.

Having reviewed the Settlement Agreement, as well as the pleadings and papers filed in this Action, and for good cause established therein, the Court enters this Final Order and Judgment approving the Settlement and dismissing the action, as follows:

1. Named/Representative Plaintiffs Richard L. Howell III and David Coffman assert wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201-219, as well as the wage laws of the State of Ohio, O.R.C. §§ 4111.01 *et seq.* and Ohio Const. Art. II, Sec. 34a. Defendants A M Communications, Ltd., AM Communications, Inc., James Johnson, LLC and James Johnson (collectively "Defendants") have denied any such violations.

2. The Settlement will cover Plaintiffs Richard L. Howell III and David Coffman and the Opt-In Plaintiffs as provided in the Settlement Agreement. Opt-In Plaintiffs who will be covered by the Settlement will include Named/Representative Plaintiffs Howell and Coffman and all current and former installers and other workers with similar job titles or positions who were classified as and paid as "independent contractors" and worked for any one or all of the Defendants from January 22, 2018 to October 1, 2021 who join this Action pursuant to the FLSA, 29 U.S.C. § 216(b), by signing and returning a "Consent to Join Claim Form & Release" attached as Exhibit 4 to the Joint Motion.

3. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under the FLSA, 29 U.S.C. § 216(b). There is "a bona fide dispute between the parties as to the employer's liability under the FLSA" and the Settlement "is fair, reasonable, and adequate." *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *18-19 (S.D. Ohio May 30, 2012); *Hill v. Medicare Transport, Inc.*, N.D.Ohio No. 5:19CV1582, 2019 U.S. Dist. LEXIS 182622, at *1-2 (Oct. 22, 2019); *Pittman v. Matalco (U.S.), Inc.*, N.D.Ohio No. 4:18CV203, 2018 U.S. Dist. LEXIS 210345, at *2 (Dec. 13, 2018); *Jackson v. Trubridge, Inc.*, N.D.Ohio No. 5:16-cv-00223, 2017 U.S. Dist. LEXIS 193782, at *4 (N.D. Ohio Jan. 26, 2017).

4. The Court approves the Settlement Agreement, and orders that the Settlement Agreement be implemented according to its terms and conditions and as directed herein.

5. The "Notice of Settlement of Wage Lawsuit" attached to the Motion for Approval as Exhibit 3, the "Consent to Join Claim Form & Release" attached as Exhibit 4 (Exhibits A and B to the Settlement Agreement, respectively), and the notice protocols described in the Settlement Agreement are approved. *See* Fed. R. Civ. P. 83(b); 29 U.S.C. § 216(b). Notice

shall be sent to the "Potential Opt-Ins" as defined in the Settlement Agreement – all current and former installers and other workers with similar job titles or positions who were classified as and paid as "independent contractors" and worked for any one or all of the Defendants from January 22, 2018 to October 1, 2021 – pursuant to the protocols outlined in the Settlement Agreement.

6. Potential Opt-Ins desiring to include themselves in the Settlement must do so in writing or by completing the Consent Form sent by the Administrator. Completed Consent Forms must be returned to the Administrator pursuant to the instructions in the Notice and Consent Form and must be postmarked within sixty calendar days after the notice to Potential Opt-Ins initial mailing date by the Administrator. All timely executed Consent Forms from eligible Opt-In Plaintiff settlement participants must be filed by Plaintiffs' Counsel with the Court within fourteen calendar days after the consent period is completed.

7. The Court finds that the total settlement amount, the Net Settlement Fund amount, as well as the distribution methodology which will determine each Opt-In Plaintiffs' Settlement Share and Settlement Percentage as described in the Settlement Agreement are fair and reasonable. The Court orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

8. The Court approves Settlement Services, Inc. (2032-D Thomasville Road, Tallahassee, FL 32308) to serve as Settlement Administrator. The Court approves the amount of the Costs of Administration to be paid to the Administrator, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

9. The Court approves the proposed service awards to Named Plaintiffs Richard L. Howell III and David Coffman, and orders that such payments be made in the manner, and

subject to the terms and conditions, set forth in the Settlement Agreement. Such an award is justified by Plaintiffs' efforts on behalf of other settlement participants and is consistent with awards in other wage and hour class actions approved by courts within the Sixth Circuit and this District. *See Dillworth v. Case Farms Processing, Inc.*, N.D.Ohio No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *17 (Mar. 8, 2010); *Alward v. Marriott Internatl., Inc.*, N.D.Ohio No. 1:18-cv-02337-PAG, 2019 U.S. Dist. LEXIS 199053, at *4 (Nov. 18, 2019).

      10.    The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Settlement Agreement, and orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement. Based on the evidence and arguments presented in the motion papers, the fee payment – which amounts to slightly less than one third of the total $550,000.00 settlement fund – falls within the range of fees awarded by courts within this district and division in other FLSA settlements.

      11.    The Court dismisses this Action, and all claims of the named Plaintiffs and Opt-Ins, with prejudice. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Final Order and Judgment immediately.

      12.    As requested by the Parties in the Settlement Agreement, the Court retains jurisdiction over the Action to enforce the terms of the Settlement Agreement and resolve any and all disputes thereunder.

                                            **SO ORDERED:**

Date:   January 6, 2022                    s/ Christopher A. Boyko
                                                    CHRISTOPHER A. BOYKO
                                                    United States District Judge